## McKay and Campbell *v.* Jarvis Land Co. Appeal of Mary Cassarini et al.

*Mortgage—Mechanic's lien—Divesting of mortgage.*

Where a mortgage and a mechanic's lien are liens upon the land in order named, and the land is sold at sheriff's sale under the mechanic's lien, the mortgage is not divested by the sale, although the bill of particulars attached to the claim contains charges for materials prior to the date of the mortgage, but the lien itself did not contain any statement as to the time when the building was begun.

Argued May 6, 1919. Appeal, No. 163, April T., 1919, by Mary Cassarini and Dominec Cassarini, her husband, sometimes known as Mary Cassidy and Dominec Cassidy, and George L. Gearing, terre tenants, from judgment of C. P. Allegheny Co., July T., 1918, No. 717, on verdict for plaintiffs in case of W. L. McKay and P. W. Campbell, Receivers of MacGavern & Lytle, Inc., v. Jarvis Land Company, with notice to Mary Cassarini and Dominec Cassarini, her husband, sometimes known as Mary Cassidy and Dominec Cassidy, and George L. Gearing, terre-tenants. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Scire facias sur mortgage. Before SHAFER, J.

The court gave binding instructions for the plaintiff. Defendant appealed.

The facts appear in the following opinion by the court

below sur motion for judgment n. o. v. and motion for new trial.

The action is a scire facias on a mortgage. The motion for judgment n. o. v. is founded upon the contention of the defendant that the mortgage was divested by sheriff's sale. The title of the terre-tenants is derived through a sheriff's deed made in pursuance of a sale on a mechanic's lien. This mechanic's lien was filed after the mortgage in suit was recorded. The mechanic's lien did not contain any statement as to the time when the building was begun, but the bill of particulars annexed to it and referred to in it, contained charges for lumber which were dated before the recording of the mortgage. It was held at the trial that in this state of the record the mortgage was not divested, there being no evidence of any prior lien. The case seems to be the same as that of Redding v. Hopson, 90 Pa. 494. In that case the bill of particulars showed that all the work done and material furnished was done before the recording of the mortgage, but the lien itself contained no statement as to the beginning of the building. In that case it was held that the mortgage was not divested. This was followed in the case of Hilliard v. Tustin, 172 Pa. 354. No case has been called to our attention in which any different rule is laid down, and the motion for judgment n. o. v. must therefore be dismissed.

The motion for a new trial is founded on the refusal of the court to admit evidence that sometime after the sheriff's sale a purchaser at the sale had paid fifty dollars to the treasurer of the corporation whose receivers are plaintiffs herein, and that he had agreed for that amount to release or satisfy the mortgage; there being no evidence that this treasurer had any authority to satisfy mortgages or settle claims, and no evidence that the fifty dollars had ever gone into the treasury of the company. In the absence of any specific authority the treasurer of the company has no authority to convey its securities or release mortgages. We are therefore of opinion that the

Opinion of Court below—Opinion of the Court. [72 Pa. Superior Ct.

evidence given and offered as to this matter showed no defense to the action, and a new trial must therefore be refused.

The motion for judgment n. o. v. and the motion for a new trial are therefore both refused.

*Error assigned,* among others, was in giving binding instructions for the plaintiff.

*W. H. Lemon* and *Joseph F. Mayhugh,* for appellants.

*R. B. Ivory,* for appellees.

PER CURIAM, July 17, 1919:

The opinion filed by the learned court below in refusing the motion for a new trial and for judgment non obstante veredicto, is a sufficient answer to the assignments of error.

The judgment is affirmed.